IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JOSEPH LEE HADDICK,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR VERIFICATION OF SENTENCE CREDIT<br><br>Case No. 2:17-CR-513 TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on a Motion filed by Defendant. Defendant contends that the Bureau of Prisons ("BOP") has failed to accurately credit the time he has spent in custody against his federal sentence and requests an order from the Court correcting the alleged miscalculation.

       The Court finds that Defendant's Motion should have been filed as a petition under 28 U.S.C. § 2241 because it primarily alleges violations of due process in the execution of the court-imposed sentence—specifically the Bureau of Prison's calculation of his credit for time served.[1] Section 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] within their respective jurisdictions." Defendant is confined in California. The Tenth Circuit has clarified that "a petition under 28 U.S.C. § 2241 attacks the execution of a sentence

---

[1] *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."); *Cathcart v. U.S. Bureau of Prisons*, 211 F.3d 1277, 2000 WL 554547 (10th Cir. 2000) (affirming denial of § 2241 petition challenging BOP's refusal to credit time spent in federal custody to his federal sentence, in addition to his state sentence).

rather than its validity and must be filed in the district where the prisoner is confined."[2] The statute further provides that the Court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."[3]

In this case, Defendant has filed his request by Motion, rather than by a petition addressed to the district court in the jurisdiction where he is confined. Because it was filed as a Motion rather than a petition, Defendant has not paid the filing fee necessary to file such a petition, nor has he moved to proceed with a 2241 petition in forma pauperis, and, therefore, there is no petition to transfer. Further, it is unclear whether Defendant has exhausted his administrative remedies with the BOP.[4] Accordingly, it is

ORDERED that Defendant's Motion (Docket No. 47) is DENIED WITHOUT PREJUDICE to its refiling as a petition under U.S.C. § 2241 in the federal district court in the district where he is currently confined.

DATED this 29th day of May, 2024.

BY THE COURT:

Ted Stewart
United States District Judge

---

[2] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).
[3] 28 U.S.C. § 2241(b).
[4] *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).